**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-7965

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JEROMI HORNS BAZUAYE, a/k/a Joromi Bazuaye, a/k/a Jeromi Duzuaye, a/k/a Joromi Duzuaye,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (1:91-cr-00508-LO-1)

Submitted: September 24, 2010      Decided: October 28, 2010

Before GREGORY and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David L. Lewis, LEWIS & FIORE, New York, New York, for Appellant. Neil H. MacBride, United States Attorney, Thomas H. McQuillan, Assistant United States Attorney, David I. Sharfstein, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeromi Horns Bazuaye appeals the district court's order denying his petition and amended petition for a writ of error coram nobis. Bazuaye sought the writ to void his 1992 guilty plea to a violation of 18 U.S.C. § 1029(a)(3) (2006), based on an illegal forfeiture provision in his plea agreement. Finding no reversible error, we affirm.

Federal courts have the authority to grant relief from a conviction via a writ of error coram nobis after the expiration of a sentence. 28 U.S.C. § 1651 (2006); United States v. Morgan, 346 U.S. 502, 512-13 (1954). Traditionally, the writ is available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). Because the writ is an "extraordinary remedy" that should issue "only under circumstances compelling such action to achieve justice[,] [a]n error of the most fundamental character must have occurred to warrant issuing the writ, and no other remedy may be available." United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (internal quotation marks and citations omitted). The Supreme Court has observed that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be

necessary or appropriate." Carlisle, 517 U.S. at 429 (internal quotation marks and brackets omitted).

To be entitled to coram nobis relief, the petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). We conclude that Bazuaye failed to meet the second and fourth elements of this test.

While criminal forfeiture was not authorized for Bazuaye's offense at the time he entered his guilty plea or at the time the district court entered judgment, Bazuaye had ample opportunity between 1992 and 2009 to challenge his sentence on that ground, but he failed to do so. Bazuaye states on appeal that he discovered the fundamental error only when preparing to defend against immigration removal proceedings recently initiated against him. However, the error was discoverable at the time Bazuaye pled guilty and most certainly was discoverable at some point within the seventeen years that passed between the entry of judgment and the filing of the coram nobis petition.

In addition, the error complained of by Bazuaye does not qualify as fundamental. Even acknowledging that Bazuaye

3

should not have been subjected to criminal forfeiture, that error does not impact the integrity of his guilty plea or the validity of the judgment that he violated a federal offense. We thus decline to conclude that the regularity of the legal proceedings that culminated in Bazuaye's conviction was fundamentally flawed.

Accordingly, because Bazuaye was not entitled to the extraordinary remedy of a writ of error coram nobis, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4